OPINION
Defendant-appellant, Myron Denton, appeals his conviction entered upon a jury verdict in the Warren County Court of Common Pleas for possession of a controlled substance, a violation of R.C. 2925.11(A). We affirm.
On June 1, 1997, appellant was a passenger in a vehicle which was involved in an accident on Interstate 71 in Warren County, Ohio. Witnesses to the accident testified that the driver of the car "fishtailed" and lost control after crossing into the median of the freeway. The car came to a stop after it hit a guardrail on a freeway bridge. Paul Powell, who witnessed the accident, testified that he saw four individuals in the car. Powell saw one of the individuals walk away from the car carrying a plastic bag. When Powell later saw the individual return to the car, the individual was no longer carrying the plastic bag. Powell was not able to see the face of the individual, but he was able to describe the clothing the individual was wearing.
Powell described what he had observed to Patrick Hathaway, a trooper with the Ohio State Highway Patrol who had arrived at the accident scene. Trooper Hathaway investigated and testified that he found a plastic bag underneath the freeway bridge near the accident scene. Inside the plastic bag, Trooper Hathaway found three tennis shoes. Inside each tennis shoe was a plastic bag containing marijuana.
Appellant was indicted on June 30, 1997 for possession of marijuana, a controlled substance pursuant to R.C. 2925.11(A). Appellant was tried on November 24, 1997. At the conclusion of the prosecution's case, appellant made a "Rule 29 motion," claiming that the case should be dismissed because there was insufficient evidence to link appellant with the offense. The court overruled appellant's motion, and appellant was found guilty of possession of marijuana.
Appellant appeals his conviction and presents one assignment of error:
 The Trial Court erred in denying the Defendant's motion for judgment of acquittal when the Defendant was never identified as the perpetrator of offense and the bag containing the contraband was never attributed to the Defendant.
Appellant argues that there was insufficient evidence for the jury to conclude that appellant possessed marijuana, and that the trial court should have granted his motion for an acquittal. We disagree.
Crim.R. 29(A) states:
 Motion for judgment or acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
A trial court's decision to deny a Crim.R. 29(A) motion for acquittal based upon the sufficiency of the evidence will be upheld if, construing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the charge proven beyond a reasonable doubt. State v. Dennis (1997), 79 Ohio St.3d 421, 430-31, following Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789, and State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2925.11(A) states: "No person shall knowingly obtain, possess, or use a controlled substance." To "possess" means:
 having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance was found.
R.C. 2925.01(K). A violation of R.C. 2925.11(A) is a felony of the fifth degree if the amount of marijuana equals or exceeds one hundred grams but does not exceed one thousand grams. R.C.2925.11(C)(3)(c).
In the present case, the determination that appellant violated R.C. 2925.11(A) by possessing marijuana was based upon the following evidence: Powell testified that he saw four men in the car after the accident. Powell stated that he saw one of the men leave the car and walk down the hill by the side of the bridge carrying a plastic bag. The next time Powell saw the man, he was coming back up the hill to the freeway without the plastic bag.
Powell also testified that he told a police officer that he had seen a man leave the car with a plastic bag and described the clothing the man was wearing. Powell described the man as wearing off-white, beige, loose-fitting clothes. Powell stated that the other three individuals in the car were wearing darker clothing.
Trooper Hathaway testified that after he arrived at the accident scene, he was able to detect the odor of marijuana from within the vehicle involved in the accident and from the occupants of the vehicle. He also testified that he spoke with Powell. He stated that he found the plastic bag with the marijuana underneath the freeway bridge close to where Powell thought appellant had left the bag.
Trooper Hathaway also testified that:
 [Appellant] was one of the two that were dressed more elaborate. He had a white outfit. I don't know what you'd call it, but it's a top and bottom that are matching in color. It's a cream or white colored outfit with a hat. And what it was made of, I don't know, but it looked kind of like pretty expensive material, like maybe a satin or something like that.
Photographs of appellant and two of the other men involved in the accident show that appellant was wearing a white shirt and white pants while the other two individuals were wearing darker colored clothing. Trooper Hathaway testified that he photographed the fourth male, but he did not know what happened to the photograph. Trooper Hathaway did testify that he remembered that the fourth individual was wearing long blue jean shorts and a red striped shirt. When asked if any of the individuals were wearing an outfit similar to what appellant was wearing, Trooper Hathaway responded "not even close."
After construing the above evidence in a light most favorable to the state, we find that a rational trier of fact could have found the essential elements of the charge proven beyond a reasonable doubt. Appellant matched the description given by Powell of a man taking a plastic bag away from the scene of the accident. Trooper Hathaway found a plastic bag similar to the one Powell described and the bag was below the freeway bridge where the accident had taken place. Additionally, Trooper Hathaway smelled the odor of marijuana from the car and the individuals in the car. The combination of the above facts would lead a rational trier of fact to conclude that appellant possessed the marijuana found in the plastic bag. Accordingly, we overrule appellant's assignment of error.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.